SEND<br>JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7708 PA (SHx) | Date | December 1, 2008 |
|---|---|---|---|
| Title | Albert Conly v. Nat'l Union Fire Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant").  Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  <u>See, e.g.</u>, <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." <u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004) (citing <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389, 1393 (9th Cir. 1988)).  As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists.  <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

    Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants.  <u>See</u> 28 U.S.C. § 1332; <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  <u>See</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  <u>Id.</u>  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); <u>see also</u> <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990).

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7708 PA (SHx) | Date | December 1, 2008 |
|---|---|---|---|

| Title | Albert Conly v. Nat'l Union Fire Ins. Co. | | |
|---|---|---|---|

      Here, Defendant alleges in its Notice of Removal that "Defendant is informed and believes that Davis Petroleum Corp. Liquidating Trust was, and still is, at the time of this filing, a trust organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas, and that Albert Conly is an individual and resident of the State of Texas." Notice of Removal, p. 3, ll. 1-6. The Complaint does not allege plaintiff's citizenship or domicile. Instead, the Complaint merely states that plaintiff "is an individual and resident of the State of Texas." Complaint, ¶ 2.

      "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005). Because the Complaint merely alleges plaintiff's residence, and the Notice of Removal alleges plaintiff's residence on information and belief, Defendant's allegations concerning the citizenship of plaintiff are insufficient to invoke this Court's diversity jurisdiction.

      Because neither the "four corners" of the complaint nor the Notice of Removal contain sufficient allegations concerning the citizenship of plaintiff, Defendant has not met its burden to establish this Court's jurisdiction. See Harris, 425 F.3d at 694. Accordingly, the Court remands this action to Los Angeles Superior Court, Case Number BC 397559, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.